IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRES LOPEZ,                                    Case No:

      Plaintiff,

v.

AA SINJEL, INC, a Florida for
Profit Corporation, and ATEF
KHALIL, individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Andres Lopez ("Lopez"), hereby sues the Defendants, AA SINJEL, INC., ("AA"), and ATEF KHALIL, ("Khalil") (collectively "Defendants") for failing to pay overtime wages for every hour worked, and states as follows:

### INTRODUCTION

1. This is an action against Defendants for overtime compensation, liquidated damages, interest, and attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

### JURISDICTION AND PARTIES

2. This Court has jurisdiction over this matter and claims under the FLSA pursuant to 28 U.S.C. § 1331.

1

3. Lopez at all times material hereto was employed in Hillsborough County, Florida, and was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

4. AA is a Florida for Profit Corporation that conducts business in this District and is subject to the requirements of the FLSA. At all times material hereto AA was Lopez's "employer" within the meaning of 29 U.S.C. § 203(d); AA was engaged in the production of goods for commerce; AA had gross annual volume of sales made or business done in an amount over $500,000.00; and AA employed two (2) or more employees who handled and worked with goods or materials that had been moved in or produced for commerce.

5. Khalil is the President, Director, and owner of AA.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391, as the unlawful employment practices were committed in this District.

## FACTUAL ALLEGATIONS

7. At all material times Lopez worked for AA as an employee assisting in the grocery business, including customer service, cutting meats, and loading and unloading trucks. Starting on approximately May 10, 2020, Lopez consistently worked in excess of forty (40) hours per workweek performing the duties he was

hired to perform.

8. AA paid Lopez a flat weekly rate of pay from May 10, 2020 through May 9, 2021, but AA refused to pay Lopez for all hours worked at the appropriate overtime compensation rate, despite AA's knowledge Lopez was working his typical hours in excess of 40 per workweek.

9. Khalil was aware of, and refused to pay Lopez for all hours worked at the appropriate overtime compensation rate, despite Khalil's knowledge, and directing Lopez to work his typical hours in excess of 40 per workweek.

10. Lopez was not "exempt" from the overtime provisions under the FLSA, and Lopez qualifies as an employee entitled to overtime compensation for hours worked in excess of forty (40) hours per workweek.

11. Lopez has retained the services of Barbas, Nunez, Sanders, Butler & Hovsepian, P.A. and is obligated to pay his legal counsel a reasonable fee for their services.

**COUNT I: VIOLATION OF FLSA OVERTIME REQUIREMENTS BY AA**

12. Lopez realleges paragraphs 1 through 11 as if fully set forth herein.

13. AA did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

14. AA's failure to pay Lopez appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

15. AA's violations of the FLSA were knowing, willful, and in reckless disregard of Lopez's rights under the FLSA.

**WHEREFORE**, Lopez respectfully requests that this Court enter judgement against the Defendant AA and:

a. Direct AA to make Lopez whole by providing him with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b. Direct AA to pay Lopez an amount equal to the sum of his unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Direct AA to pay Lopez interest on the unpaid overtime wages;

d. Direct AA to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e. Grant such further relief as the Court deems necessary and proper.

## COUNT II: VIOLATION OVERTIME REQUIREMENTS BY KHALIL

16. Lopez realleges paragraphs 1 through 11 as if fully set forth herein.

17. Khalil, as the President, Director, and owner of AA, did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

18. Khalil's failure to pay Lopez appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

19. Khalil's violations of the FLSA were knowing, willful, and in reckless

disregard of Lopez' rights under the FLSA.

**WHEREFORE**, Lopez respectfully requests that this Court enter judgement against the Defendant Khalil and:

a. Direct Khalil to make Lopez whole by providing him with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b. Direct Khalil to pay Lopez an amount equal to the sum of his unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Direct Khalil to pay Lopez interest on the unpaid overtime wages;

d. Direct Khalil to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.06 of the Rules of the U.S. District Court for the Middle District of Florida.

Dated this 13th day of December, 2021.

Steven E. Hovsepian, Esquire
Florida Bar No.: 091359
BARBAS, NUNEZ, SANDERS
 BUTLER & HOVSEPIAN
1802 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813) 254-6575
Facsimile: (813) 254-4690
Lead Counsel, Attorneys for Plaintiff
shovsepian@barbaslaw.com